JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:     Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-00353 DLJ |
| Plaintiff, | ) ) | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME |
| v. | ) ) | |
| DEANDRI MARQUIS BILLY MILLARD, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

    1.    A status conference in this matter is currently scheduled for 9 a.m. on Friday, July 11, 2008.

    2.    The parties request that this hearing be continued until 9 a.m. on Friday, July 25, 2008, in order to provide defendant's counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to review with his client the discovery materials produced by the government, including video and audio recordings, and to evaluate defendant's criminal history including arrest and conviction documents produced by the government, to further review the evidence in this case, to review and analyze the discovery materials produced, investigate the case, and develop a motions and/or trial strategy in light of that discovery. The parties believe that failure to grant the above-requested continuance would deny defendant continuity of counsel, would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence, and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from July 11, 2008, to July 25, 2008, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defendant continuity of counsel and would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 8, 2008         /s/
                            GARTH HIRE
                            Assistant United States Attorney

                            Attorney for United States of America

Dated: July 8, 2008

/s/
MICHAEL THORMAN

Attorney for Defendant
Deandri Marquis Billy Millard

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled July 11, 2008, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on July 25, 2008.

2. The time period from July 11, 2008, to July 25, 2008, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defendant continuity of counsel and would reasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: July 9, 2008

HONORABLE D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE